# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-10032 |
| XS RANCH FUND VI, L.P. | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**DEBTOR'S APPLICATION TO EMPLOY AND RETAIN CHRISTOPHER WU OF TENEO CAPITAL LLC AS CHIEF RESTRUCTURING OFFICER TO DEBTOR <u>PURSUANT TO SECTION 328(a) OF THE BANKRUPTCY CODE</u>**

THIS APPLICATION MAY BE GRANTED BY THE COURT WITHOUT HEARING. A PARTY IN INTEREST WHO OPPOSES AN APPLICATION FOR EMPLOYMENT MAY FILE AN OBJECTION WITHIN 21 DAYS AFTER THE DATE OF SERVICE OF THE APPLICATION SUMMARY, AND SUCH OBJECTION SHALL BE SET FOR HEARING NOTWITHSTANDING THE COURT'S ORDER GRANTING THE APPLICATION TO EMPLOY LOCAL RULE 2014(D).

THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION AND HAS REQUESTED THAT A "FIRST DAY" HEARING BE HELD ON THIS MOTION AT THE COURT'S EARLIEST CONVENIENCE. IF THE COURT IN FACT SETS THIS MOTION FOR AN EMERGENCY "FIRST DAY" HEARING, THEN ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.

XS Ranch Fund VI, L.P. ("<u>XSR</u>" or the "<u>Debtor</u>"), debtor-in-possession in the above-referenced chapter 11 case (the "<u>Case</u>"), files this *Debtor's Application to Employ and Retain Christopher Wu of Teneo Capital LLC as Chief Restructuring Officer to the Debtor Pursuant to Section 328(a) of the Bankruptcy Code* (the "<u>Application</u>"). In support of its Application, the Debtor relies upon the *Declaration of Christopher Wu in Support of the Debtor's Application to Employ and Retain Christopher Wu of Teneo Capital LLC as Chief Restructuring Officer to the Debtor Pursuant to Section 328(a) of the Bankruptcy Code* (the "<u>Wu Declaration</u>"), which is attached hereto as <u>Exhibit A</u>. In further support of the Application, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. The United States District Court for the Western District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to the United States Bankruptcy Court for the Western District of Texas (the "Court") pursuant to 28 U.S.C. § 157 and the District Court's Order of Reference of Bankruptcy Cases and Proceedings dated October 4, 2013. This is a core matter pursuant to 28 U.S.C. §157(b), which may be heard and finally determined by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

**Background**

3. On January 6, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above captioned Case. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. An official committee of unsecured creditors has yet to be appointed in this Chapter 11 Case. Further, no trustee or examiner has been requested or appointed in this Chapter 11 Case.

**Relief Requested**

5. By this Application, the Debtor requests entry of an order, substantially in the form filed contemporaneously with this Application, authorizing the employment and retention of Christopher Wu ("Wu") of Teneo Capital LLC ("Teneo") (collectively referred herein as "Teneo"

or "Wu") as its Chief Restructuring Officer in accordance with the terms and conditions set forth in the engagement letter between the Debtor and Teneo Capital LLC dated as of December 20 2019 (the "Engagement Letter"), attached hereto as Exhibit B, effective *nunc pro tunc* to the Petition Date.

6. Pursuant to Local Rule 2014(c), the Application has been filed within thirty (30) days of the Petition Date and is deemed contemporaneous. Accordingly, Teneo's retention should be granted *nunc pro tunc* to the Petition Date

**Basis for Requested Relief**

7. In consideration of the size and complexity of its business, as well as the exigencies of the circumstances, the Debtor has determined that the services of an experienced restructuring professional with experience serving as a Chief Restructuring Officer, financial advisor, investment banker and fiduciary will substantially enhance its attempt to maximize the value of its estate. Wu and his firm Teneo have a wealth of experience in providing restructuring services in various capacities including Chief Restructuring Officer in complex restructuring scenarios both in and out of court; Mr. Wu has an excellent long term reputation for services he has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States and is thus is well qualified to provide these services.

8. The Debtor has selected Wu because Wu's extensive experience assisting and advising debtors with complex financial reorganizations, both in chapter 11 and in out of court restructuring by providing services, including, but not limited to, (a) developing, analyzing, evaluating, negotiating and confirming chapter 11 plans; (b) obtaining DIP and exit financing; and (c) testifying on behalf of debtors with respect to financing issues, feasibility of plans, debt restructuring and valuations and (d) assisting debtors and significant parties in interest achieve successful results in complex real estate oriented Chapter 11 bankruptcies.

9. The Debtor also believes that Wu is well qualified and able to perform the duties and services of a Chief Restructuring Officer on behalf of the Debtor in a cost-effective, efficient and timely manner. Wu has also indicated a willingness to act on behalf of the Debtor and to subject itself to the jurisdiction and supervision of this Court.

10. Teneo's principals have frequently served as a retained financial advisor and/or investment banker or fiduciary to numerous debtor's and creditors' committees for cases in real estate, construction as well as various other industries. *See, e.g. CBCS Washington Street LP* (Financial Advisor, Investment Banker and Structured Insurance Advisor to Debtor which was a luxury five star hotel development in the TriBeCa district of New York city); *General Growth Properties* (Financial Advisor to the class known as the "Howard Hughes Heirs" who held significant interests and claims on the debtors' Summerlin properties which are regarded as one of the most successful master planned communities in the United States); *Innkeepers USA Trust* (Investment Banker and Financial Advisor to Midland Loan Services, special servicer to the $825 million Mortgage Noteholders of 45 Marriott and Hilton flagged hotels); *FX Luxury Las Vegas I* (Financial Advisor to the mezzanine lenders and plan sponsors to debtor developing gaming, lodging and commercial properties on Las Vegas Strip); *PJ Finance Company* (Financial Advisor to Unsecured Creditors Committee of debtor owning 32 multi-family housing complexes in the Southwestern region of the U.S.); *MSR Resorts Golf and Waldorf Management* (Financial Advisor to Mezzanine Lender of debtor with 5 resort lodging properties including the Grand Wailea, Arizona Biltmore, La Quinta, Claremont and Doral); Navillus Contracting (Chief Restructuring Officer of largest concrete superstructure subcontractor in New York City); *Welded Construction* (Financial Advisor to Unsecured Creditors Committee of large pipeline construction company); *Elite Model Management* (Investment Banker to the debtors) and *Zohar CDO 2003-1* (Valuation

Expert to the petitioning creditors); *Abengoa Bioenergy USA* (Investment Banker to the debtors); Global Maritime Investments Cyprus Ltd (Lead Director for the debtors) among numerous other cases.

11. In addition, Wu is familiar with the Debtor's business, financial affairs and capital structure. Since the initial engagement on December 20, 2019, Wu, while providing services to the Debtor, has worked closely with the Debtor's management and other professionals in assisting with the myriad requirements of this Chapter 11 Case. Consequently, the Debtor believes that Wu has developed significant relevant experience and expertise regarding the Debtor and the unique circumstances of this case. For these reasons, Wu is well qualified and uniquely suited to deal effectively and efficiently with matters that may arise in the context of this case.

12. Accordingly, the Debtor submits that the retention of Wu on the terms and conditions set forth herein is necessary and appropriate, is in the best interests of the Debtor's estate, creditors, and all other parties in interest, and should be granted in all respects.

## Scope of Services

13. The Engagement Agreement contains the terms which shall govern the Debtor's retention of Wu and Teneo except as explicitly set forth herein or in any order granting this Application.

14. Wu will provide such services as a Chief Restructuring Officer as the Debtor shall deem appropriate and feasible in order to manage and advise the Debtor in the course of this Chapter 11 Case, which can include, but are not limited to:

   a) Serve as Chief Restructuring Officer to lead the Debtor's Chapter 11 reorganization efforts including but not limited to recapitalization, refinancing, reorganization, or sale of the Debtor's assets intended to maximize value for the estate;

   b) Review and analyze the Debtor's business, assets, financial condition, business plan, strategy, and financial forecasts;

c) Review the Debtor's 13-week cash flow forecast and assist in communicating key aspects of the business to stakeholders including working with management and Debtor's accountants to assist in preparing financial information tailored to the bankruptcy process;

d) Advise and attend meetings of the Debtor and third parties, including the creditors' committee, lenders, investors and other key constituents and stakeholders as appropriate in connection with the matters set forth herein;

e) Advise and source any new financing in connection with supporting the Debtor's ongoing operations and capital needs including debt, equity and exit financing if applicable;

f) Assist the Debtor in developing, evaluating, structuring and negotiating the terms and conditions of a restructuring, plan of reorganization, sale or recapitalization transaction;

g) Provide testimony and Court presentations as necessary with respect to any financing, restructuring, sale, plans of reorganization and/or other areas within Teneo's areas of expertise;

h) Provide communications support to assist the Debtor's strategic objectives; and

i) Provide the Debtor with other appropriate general restructuring advice as the Debtor and its counsel deems appropriate.

## **Disinterestedness of Professionals**

15. To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Wu Declaration, Wu and Teneo (i) have no connection with the Debtor, its creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee; (ii) do not hold any interest adverse to the Debtor's estate; and (iii) believe they are a "disinterested person" as defined by section 101(14) of the Bankruptcy Code. Wu and Teneo have not provided, and will not provide, any professional services to any creditors, parties in interest, or their respective attorney and accountants with regard to any matter related to this Case.

16. Accordingly, the Debtor believes that Wu and Teneo are "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

17. In addition, as set forth in the Wu Declaration, if any new material facts or relationships are discovered or arise, Wu and Teneo will provide the Court with a supplemental declaration.

**Professional Compensation**

18. Subject to approval by the Court, the Debtor proposes to employ and retain Wu and Teneo to serve as the Debtor's Chief Restructuring Officer on the terms and conditions set forth in the Engagement Letter.

19. In accordance with the terms of the Engagement Letter, Wu and Teneo will be paid by the Debtor for services at its customary hourly billing rates which shall be subject to the following ranges:

| | | |
|---|---|---|
| i. | Senior Managing Directors | $900-950 |
| ii. | Managing Directors | $800-900 |
| iii. | Directors and Equivalents | $675-795 |
| iv. | Associates | $575-670 |
| v. | Analysts | $475-570 |
| vi. | Administrative Staff | $175-325 |

20. Wu and Teneo will also be paid a Restructuring Fee of $750,000 upon the closing of a sale, recapitalization or confirmation of a plan of reorganization, provided that such fee shall be subject to Bankruptcy Court approval.

21. Wu and Teneo shall be paid a financing fee upon the closing of any financing commitment for any debtor-in-possession, refinancing or exit financing. The amount of such financing fee shall be equal to 1.0% of any debt financing commitment and 3.0% of any equity financing commitment; provided that the aggregate equity financing commitment used to calculate

such fee shall be reduced by the amount of any equity invested by any of the Debtor's existing shareholders identified in the Chapter 11 Case.

22. Wu and Teneo shall be entitled to monthly reimbursement of documented out-of-pocket expenses incurred in connection with the services to be provided under this Agreement. Out-of-pocket expenses shall include, but not be limited to all documented travel expenses, meals, computer and database research charges, reasonable documented outside attorney fees (including, without limitation, engagement documentation and similar pleadings by outside counsel), messenger services and long-distance telephone calls incurred by Teneo in connection with the services to be provided to the Debtor.

23. Wu and Teneo will also request compensation, at its standard hourly rates for any time and expenses (including, without limitation, reasonable legal fees and expense, except in the case of legal fees pertaining to any fee defense) that may be incurred in considering or responding to discovery requests or other request for documents or information, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings, including, without limitation, those other than the instant matter, as a result of Wu and Teneo's performance of these services.

24. No promises have been received by Wu or Teneo, nor any employee or independent contractor thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Except for internal agreements among the employees and independent contractors of Teneo Capital LLC regarding the sharing of revenue or compensation, neither Teneo Capital LLC, nor any of its employees or independent contractors has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Rule 2016.

25. The Debtor understands that Wu and Teneo intend to apply to the Court for allowance of compensation and reimbursement of reasonable expenses for its restructuring advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court, and the 1996 guidelines established by the Office of the United States Trustee (the "U.S. Trustee").

26. Teneo received $50,000.00 as a retainer in connection with preparing for and conducting the filing of this Chapter 11 case.

27. Given the numerous issues that Teneo may be required to address in the performance of its services, Teneo's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtor submits that the fee arrangements set forth herein are reasonable under the standards set forth in the Bankruptcy Code.

## **Indemnification**

28. As a material part of the consideration for which Teneo has agreed to provide the services described herein, the Debtor has agreed to the indemnification provisions in the Indemnification paragraph of the Engagement Letter. The Indemnification Provisions provide that as part of the consideration for Teneo's agreement to furnish the Services, the Debtor indemnify Teneo and any of its affiliates and their respective directors, members, officers, employees, agents and controlling persons (Teneo and each such person being "Indemnified Persons") from and against any and all losses, claims, damages and liabilities, joint or several (including actions or proceedings in respect thereof), to which such Indemnified Persons may become subject under any applicable law, or otherwise (collectively, "Losses"), and related to, arising out of, or in connection with this engagement (the "Engagement") or any Indemnified Person's role therein or performance

thereof or any Transaction contemplated thereby or any other matter referred to in the Engagement, except to the extent finally determined by a court of competent jurisdiction to have resulted primarily from the bad faith or gross negligence of such Indemnified Person. Without limiting the generality of the foregoing, the Debtor will also indemnify and hold harmless any Indemnified Person from and against, and the Debtor agrees that no Indemnified Person shall have any liability to the Debtor or its owners, parents, affiliates, security holders or creditors for, any Losses (A) related to or arising out of (i) the Debtor's actions or failures to act (including statements or omissions made or information provided by the Debtor or its agents) or (ii) actions or failures to act by an Indemnified Person with the Debtor's consent or in reliance on the Debtor's actions or failures to act or (B) otherwise related to or arising out of, or in connection with, the Engagement or Teneo's or any other Indemnified Person's performance thereof or role therein, or Transaction contemplated thereby or any other matter referred to in the Engagement, except that this clause (B) shall not apply to any Losses that are finally determined by a court of competent jurisdiction to have resulted primarily from the bad faith or gross negligence of such Indemnified Person. If indemnification to which an Indemnified Party is entitled pursuant to the terms hereof is for any reason not available or insufficient to hold an Indemnified Person harmless, the Debtor agrees to contribute to the Losses involved in such proportion as is appropriate to reflect the relative benefits received (or anticipated to be received) by the Debtor, on the one hand, and by Teneo, on the other hand, with respect to the Engagement or, if such allocation is determined to be unavailable by a court of competent jurisdiction, in such proportion as is appropriate to reflect other equitable considerations such as the relative fault of the Debtor and its affiliates on the one hand and of Teneo and the Indemnified Persons on the other hand; provided, however, that, to the extent the aggregate are in excess of the amount of all fees actually received by Teneo from the Debtor in

connection with the Engagement. Relative benefits to the Debtor, on the one hand, and Teneo and the Indemnified Persons, on the other hand, with respect to the Engagement shall be deemed to be in the same proportion as (i) the total value paid or proposed to be paid or received or proposed to be received by the Debtor or its security holders, as the case may be, pursuant to the transaction(s), whether or not consummated, contemplated by the Engagement, bears to (ii) all fees actually received by Teneo in connection with the Engagement.

The Debtor will reimburse each Indemnified Person for all reasonable expenses (including without limitation reasonable fees and disbursements of counsel and costs of vendors reasonably required to assist in the recovery, review and production of electronically stored data) as they are incurred by such Indemnified Person in connection with investigating, preparing for, responding to. or defending any actual or threatened action, claim, suit, investigation, inquiry, arbitration or other proceeding ("Action") as to which an Indemnified Party would be entitled to indemnification hereunder (or enforcing this Agreement or any related engagement agreement), whether or not in connection with pending or threatened litigation in which any Indemnified Person is a party, and whether or not such Action is initiated or brought by Teneo.

Notwithstanding anything herein to the contrary, in no event shall any Indemnified Person be entitled to any special, incidental, consequential, exemplary, punitive or multiple damages from the Company.

The Debtor will not, without Teneo's prior written consent (nor will the Debtor facilitate efforts by its respective affiliates to), settle, compromise, consent to the entry of any judgment in or otherwise seek to terminate any Action in respect of which indemnification may be sought hereunder (whether or not any Indemnified Person is a party thereto) unless the Debtor has given Teneo reasonable prior written notice thereof under the circumstances and such-settlement,

compromise, consent or termination includes an unconditional release of each Indemnified Person from any liabilities arising out of such Action. The Debtor will not permit any such settlement, compromise, consent or termination to include a statement as to, or an admission of, fault, culpability or a failure to act by or on behalf of an Indemnified Person, without such Indemnified Person's consent.

29. Moreover, the terms and conditions of the Indemnification Provisions were negotiated by the Debtor and Teneo at arm's length and in good faith. The provisions contained in the Engagement Letter, viewed in conjunction with the other terms of Teneo's proposed retention are reasonable.

## Summary

30. The Debtor submits that the retention of Wu and Teneo under the terms described herein is appropriate under sections 328(a), and 1107(b) of the Bankruptcy Code. The Debtor submits that the terms and conditions of Teneo's retention as described herein, including the proposed compensation and indemnification terms, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character. Since the Debtor will require substantial assistance with the reorganization process, it is reasonable for the Debtor to seek to employ and retain Teneo to serve as its Chief Restructuring Officer on the terms and conditions set forth herein.

## Notice

31. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtor and its counsel; (iii) the Debtor's secured creditors; (iv) any party whose interests are directly affected by this specific pleading; (v) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (vi) counsel for and the members of any official committees appointed by this Court;

(vii) the 20 largest unsecured creditors of the Debtor; and (viii) all governmental agencies having a regulatory or statutory interest in this case.

WHEREFORE, for the reasons set forth herein and the Wu Declaration, the Debtor respectfully requests entry of the Order granting the relief requested herein and such other relief as may be deemed appropriate.

Respectfully submitted on January 6, 2020.

/s/ Eric Terry
Eric Terry (TX Bar No. 00794729)
**ERIC TERRY LAW, PLLC**
3511 Broadway Street
San Antonio, Texas 78029
Telephone: (210) 468-8274
Facsimile: (210)319-5447

*Proposed Counsel to the Debtor and Debtor in Possession*

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 20-10032-tmd<br>Western District of Texas<br>Austin<br>Mon Jan  6 16:00:37 CST 2020 | XS Ranch Fund VI, L.P.<br>818 Sayers Road<br>Bastrop, TX 78602-3652 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| Aqua Water Service Company<br>PO Drawer P<br>Bastrop, TX 78602-1989 | Aventine Development Services<br>Attn: Chad Hagle<br>19360 Rinaldi St., Ste. 730<br>Porter Ranch, CA 91326-1607 | Bastrop County Tax Assessor/Collector<br>PO Box 579<br>Bastrop, TX 78602-0579 |
| Bastrop County Tax Assessor/Collector<br>c/o Lee Gordon<br>PO Box 1269<br>Round Rock, TX 78680-1269 | Bluebonnet Electric Cooperative<br>690 Texas Hwy 71 W, Bldg. 1<br>Bastrop, TX 78602-3663 | City of Bastrop<br>Attn: City Manager<br>904 Main St.<br>PO Box 427<br>Bastrop, TX 78602-0427 |
| Clayton Williams Ranch Co.<br>Attn: Jeff Williams<br>PO Box 1668<br>Fort Stockton, TX 79735-1668 | Coast Range Investments, LLC<br>Attn: James Foster<br>818 Sayers Rd.<br>Bastrop, TX 78602-3652 | Coy Sunderman<br>139 Colovista Dr.<br>Bastrop, TX 78602-7400 |
| Crestline Direct Finance, L.P.<br>c/o Crestline Investors, Inc.<br>Attn: James Cochran<br>201 Main St., Ste. 1900<br>Fort Worth, TX 76102-3135 | DF Capital Management<br>Attn: Rob Riva<br>14701 Phillips Hwy., Ste 300<br>Jacksonville, FL 32256-3742 | Federal Emergemecy Management Agency<br>FRC 800 North Loop 288<br>Denton, TX 76209-3698 |
| Force Ten Partners, LLC<br>Attn: Michael VenderLey<br>20342 SW Birch, Ste. 220<br>Newport Beach, CA 92660 | FoxTrot LLC<br>c/o Tullius Law Group<br>515 S. Flower St., 18th Fl.<br>Los Angeles, CA 90071-2201 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Jackson Walker LLP<br>Attn: James Alsup<br>100 Congress Ave., Ste. 1100<br>Austin, TX 78701-4042 | John Landwehr<br>219 Main St.<br>Smithville, TX 78957-1839 | Kelly Thevenot<br>326 McDonald Rd.<br>Cedar Creek, TX 78612-4001 |
| LIA Engineering, Inc.<br>7500 Rialto Rd., Bldg. 2<br>Ste. 100<br>Austin, TX 78735-8531 | Lower Colorado River Authority<br>Attn: Executive Manager, Water Services<br>PO Box 200<br>Austin, TX 78767 | Melting Point Solutions<br>c/o Keller & Benvenutti<br>Attn: Tobias Keller<br>650 California Ave., #1900<br>San Francisco, CA 94108-2736 |
| PV Development Management<br>Attn: Mark Kehke & Jason Perrin<br>4343 Von Karman Ave., 3rd Fl.<br>Newport Beach, CA 92660-2099 | Pine Associates, LLC<br>4455E. Camelback Rd., Ste. C-140<br>Phoenix, AZ 85018-2821 | RMD & Co., Inc.<br>408 Baylor St.<br>Austin, TX 78703-5312 |
| Ranch Wireless Internet<br>3547 N Hwy 123 Bypass<br>Seguin, TX 78155-7328 | Rimon P.C.<br>Attn: Ben Douglas<br>One Embercadero Ctr., Ste. 400<br>San Francisco, CA 94111-3619 | Ron Freeman Esq.<br>Law Offices of Ronald J. Freeman<br>102 N. Railroad Ave.<br>Pflugerville, TX 78660-2767 |

| | | |
|---|---|---|
| Squar Milner<br>Attn: Katherine Gough<br>1150 Santa Monica Blvd., Ste. 600<br>Los Angeles, CA 90025 | Steiner & Sons<br>c/o Waller Lansden Dortch & Davis, LLP<br>Attn: Eric Taube<br>100 Congress Ave., Ste. 1800<br>Austin, TX 78701-4042 | Texas Assocaites/AFCO<br>5600 N. River Rd., Ste, 400<br>Des Plaines, IL 60018-5187 |
| Texas Associates/AFCO<br>1120 Capital of Texas Hwy. S<br>Bldg 3<br>Austin, TX 78746-6464 | Texas Commission on Enviromental Quality<br>MC 172<br>PO Box 13087<br>Austin, TX 78711-3087 | Texas Comptroller of Public Accounts<br>Revenue Accounting Div- BK Section<br>P.O. Box 12548, MC-008<br>Austin, TX 78711-2548 |
| Texas Department of Transportation<br>Attn: Project Delivery Team<br>7901 N. IH 35<br>Austin, TX 78753-6602 | Texas Railroad Commission<br>Enforcement Division<br>Office of General Counsel<br>P.O. Box 12967<br>Austin, TX 78711-2967 | Tony Gonzalez<br>1344 Sayers Rd.<br>Bastrop, TX 78602-3638 |
| US Department of the Army<br>Fort Worth District, Corps of Engineers<br>Attn: Chief Regulatory Branch<br>PO Box 17300<br>Fort Worth, TX 76102-0300 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Winthrop Couchot Golubow Hollander<br>Attn: Garrick Hollander<br>1301 Dove St., Ste. 500<br>Newport Beach, CA 92660-2467 |
| XS Ranch Municipal Utility District<br>c/o Ron Freeman<br>102 N. Railroad Ave.<br>Pflugerville, TX 78660-2767 | Eric Terry<br>Eric Terry Law, PLLC<br>3511 Broadway<br>San Antonio, TX 78209-6513 | End of Label Matrix<br>Mailable recipients    43<br>Bypassed recipients     0<br>Total                  43 |