# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-10032 |
| XS RANCH FUND VI, L.P. | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

## DEBTOR'S APPLICATION TO EMPLOY AND RETAIN THE DORÉ GROUP AS VALUATION EXPERT TO DEBTOR PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE

THIS APPLICATION MAY BE GRANTED BY THE COURT WITHOUT HEARING. A PARTY IN INTEREST WHO OPPOSES AN APPLICATION FOR EMPLOYMENT MAY FILE AN OBJECTION WITHIN 21 DAYS AFTER THE DATE OF SERVICE OF THE APPLICATION SUMMARY, AND SUCH OBJECTION SHALL BE SET FOR HEARING NOTWITHSTANDING THE COURT'S ORDER GRANTING THE APPLICATION TO EMPLOY LOCAL RULE 2014(D).

THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION AND HAS REQUESTED THAT A "FIRST DAY" HEARING BE HELD ON THIS MOTION AT THE COURT'S EARLIEST CONVENIENCE. IF THE COURT IN FACT SETS THIS MOTION FOR AN EMERGENCY "FIRST DAY" HEARING, THEN ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.

XS Ranch Fund VI, L.P. ("XSR" or the "Debtor"), debtor-in-possession in the above-referenced chapter 11 case (the "Case"), files this *Debtor's Application to Employ and Retain The Doré Group as Valuation Expert to the Debtor Pursuant to Section 327(a) of the Bankruptcy Code* (the "Application"). In support of its Application, the Debtor relies upon the *Declaration of Lance W. Doré in Support of the Debtor's Application to Employ and Retain The Doré Group as Valuation Expert to the Debtor Pursuant to Section 327(a) of the Bankruptcy Code* (the "Doré Declaration"), which is attached hereto as Exhibit A. In further support of the Application, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. The United States District Court for the Western District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to the United States Bankruptcy Court for the Western District of Texas (the "Court") pursuant to 28 U.S.C. § 157 and the District Court's *Order of Reference of Bankruptcy Cases and Proceedings* dated October 4, 2013. This is a core matter pursuant to 28 U.S.C. §157(b), which may be heard and finally determined by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

**Background**

3. On January 6, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above captioned Case. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

4. An official committee of unsecured creditors has yet to be appointed in this Chapter 11 Case. Further, no trustee or examiner has been requested or appointed in this Chapter 11 Case.

**Relief Requested**

5. By this Application, the Debtor requests entry of an order, substantially in the form filed contemporaneously with this Application, authorizing the employment and retention of *The Doré Group* ("Doré") as its Valuation Expert in accordance with the terms and conditions set forth

in the engagement letter between the Debtor and Doré dated as of January 3, 2020 (the "Engagement Letter"), attached hereto as Exhibit B, effective *nunc pro tunc* to the Petition Date.

6. Pursuant to Local Rule 2014(c), the Application has been filed within thirty (30) days of the Petition Date and is deemed contemporaneous. Accordingly, Doré's retention should be granted *nunc pro tunc* to the Petition Date

## Basis for Requested Relief

7. In consideration of the size and complexity of its business, as well as the exigencies of the circumstances, the Debtor has determined that the services of an experienced valuation expert will substantially enhance its attempt to maximize the value of its estate. Doré has a wealth of experience in providing services as a valuation expert and enjoys an excellent reputation for services they have rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States and is thus is well qualified to provide these services.

8. Doré's practice consists of real estate valuation and forensic consulting services specializing in complex development and land valuation, highest and best use analysis, sensitivity analysis, transaction advisory, and litigation support which provides a focus on viable solutions that maximize value for government agencies, companies and creditors. Doré has acted as financial advisor, crisis manager, and corporate officer in middle market to large multinational restructurings across a wide array of industries. Doré's services include forensic analysis, plan development and implementation, and advice on sale/ merger transactions.

9. Moreover, the professionals at Doré have assisted and advised debtors, creditors, creditors' committees, bondholders, investors and others in numerous bankruptcy cases, including the bankruptcy cases of Bank of America Corporation N.A v. American Forest Holdings | Case No. 12-104-Y00683-10 and GGP v. Howard Hughes Estates Case No. 09- 11977.

10. Doré is well qualified and uniquely suited to deal effectively and efficiently with the valuation of the Debtor's assets and other related matters that may arise in the context of this case. Accordingly, the Debtor submits that the retention of Doré on the terms and conditions set forth herein is necessary and appropriate, is in the best interests of the Debtor's estate, creditors, and all other parties in interest, and should be granted in all respects.

## Scope of Services

11. The Engagement Agreement contains the terms which shall govern the Debtor's retention of Doré except as explicitly set forth herein or in any order granting this Application.

12. Doré will provide such valuation services as the Debtor shall deem appropriate and feasible in order to advise the Debtor in the course of this Chapter 11 Case, which can include, but are not limited to:

## Disinterestedness of Professionals

13. To the best of the Debtor's knowledge, information, and belief, other than as set forth in the Doré Declaration, Doré (i) has no connection with the Debtor, its creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee; (ii) does not hold any interest adverse to the Debtor's estate; and (iii) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code. Doré has not provided, and will not provide, any professional services to any creditors, parties in interest, or their respective attorney and accountants with regard to any matter related to this Case.

14. Accordingly, the Debtor believes that Doré is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

15. In addition, as set forth in the Doré Declaration, if any new material facts or relationships are discovered or arise, Doré will provide the Court with a supplemental declaration.

**<u>Professional Compensation</u>**

16. Subject to approval by the Court, the Debtor proposes to employ and retain Doré to serve as the Debtor's Valuation Expert on the terms and conditions set forth in the Engagement Letter.

17. In accordance with the terms of the Engagement Letter, Doré will be paid by the Debtor for the services of the Doré's Professionals at their customary hourly billing rates as set forth in the Engagement Letter. The professional fees shall be calculated by multiplying the hours worked by the standard hourly billing rates in effect for the specific personnel involved. The hourly rates charged by Doré for the services provided by its personnel differ based upon, among other things, each professional's level of experience, geographical differences, and types of services being provided. For professional services, fees are based on Doré's standard hourly rates which are in effect when services are performed. These standard hourly rates are at or below those of similar firms.

18. In addition, consistent with Doré's policy with respect to its other clients, Doré will be reimbursed for all other services provided and for other charges and disbursements incurred in rendering services to the Debtor. These the reasonable out-of-pocket expenses may include data sets, reports, research, outside copy services, travel, lodging, meals, any applicable sales or excise taxes and other direct expenses established according to their original engagement agreement.

19. Doré will also request compensation, at its standard hourly rates for any time and expenses (including, without limitation, reasonable legal fees and expense, except in the case of legal fees pertaining to any fee defense) that may be incurred in considering or responding to discovery requests or other request for documents or information, or in participating as a witness

or otherwise in any legal, regulatory, or other proceedings, including, without limitation, those other than the instant matter, as a result of Doré's performance of these services.

20. No promises have been received by Doré, nor any employee or independent contractor thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Except for internal agreements among the employees and independent contractors of Doré regarding the sharing of revenue or compensation, neither Doré, nor any of its employees or independent contractors has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Rule 2016.

21. The Debtor understands that Doré intends to apply to the Court for allowance of compensation and reimbursement of reasonable expenses for its restructuring advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court, and the 1996 guidelines established by the Office of the United States Trustee (the "U.S. Trustee").

22. Doré received $10,000 as a retainer in connection with preparing for and conducting the filing of this Chapter 11 case.

23. Given the numerous issues that Doré may be required to address in the performance of its services, Doré's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for such services for engagements of this nature in an out-of-court context, as well as in chapter 11, the Debtor submits that the fee arrangements set forth herein are reasonable under the standards set forth in the Bankruptcy Code.

## Summary

24. The Debtor submits that the retention of Doré under the terms described herein is appropriate under sections 327(a), and 1107(b) of the Bankruptcy Code. The Debtor submits that

the terms and conditions of Doré's retention as described herein, including the proposed compensation terms, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character. Since the Debtor will require substantial assistance with the reorganization process, it is reasonable for the Debtor to seek to employ and retain Doré to serve as its Valuation Experton the terms and conditions set forth herein.

### Notice

25. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) the Debtor and its counsel; (iii) the Debtor's secured creditors; (iv) any party whose interests are directly affected by this specific pleading; (v) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (vi) counsel for and the members of any official committees appointed by this Court; (vii) the 20 largest unsecured creditors of the Debtor; and (viii) all governmental agencies having a regulatory or statutory interest in this case.

WHEREFORE, for the reasons set forth herein and the Doré Declaration, the Debtor respectfully requests entry of the Order granting the relief requested herein and such other relief as may be deemed appropriate.

Respectfully submitted on January 6, 2020.

/s/ Eric Terry
Eric Terry (TX Bar No. 00794729)
**ERIC TERRY LAW, PLLC**
3511 Broadway Street
San Antonio, Texas 78029
Telephone: (210) 468-8274
Facsimile: (210)319-5447

*Proposed Counsel to the Debtor and Debtor in Possession*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing document was served via the Court's ECF System and/or via U.S. First Class Mail, postage paid, on January 6th, 2020, to the parties on the attached creditor matrix and to all parties that have requested ECF notifications in this matter.

                                       */s/ Eric Terry*  
                                       Eric Terry

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 20-10032-tmd<br>Western District of Texas<br>Austin<br>Mon Jan  6 16:00:37 CST 2020 | XS Ranch Fund VI, L.P.<br>818 Sayers Road<br>Bastrop, TX 78602-3652 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| Aqua Water Service Company<br>PO Drawer P<br>Bastrop, TX 78602-1989 | Aventine Development Services<br>Attn: Chad Hagle<br>19360 Rinaldi St., Ste. 730<br>Porter Ranch, CA 91326-1607 | Bastrop County Tax Assessor/Collector<br>PO Box 579<br>Bastrop, TX 78602-0579 |
| Bastrop County Tax Assessor/Collector<br>c/o Lee Gordon<br>PO Box 1269<br>Round Rock, TX 78680-1269 | Bluebonnet Electric Cooperative<br>690 Texas Hwy 71 W, Bldg. 1<br>Bastrop, TX 78602-3663 | City of Bastrop<br>Attn: City Manager<br>904 Main St.<br>PO Box 427<br>Bastrop, TX 78602-0427 |
| Clayton Williams Ranch Co.<br>Attn: Jeff Williams<br>PO Box 1668<br>Fort Stockton, TX 79735-1668 | Coast Range Investments, LLC<br>Attn: James Foster<br>818 Sayers Rd.<br>Bastrop, TX 78602-3652 | Coy Sunderman<br>139 Colovista Dr.<br>Bastrop, TX 78602-7400 |
| Crestline Direct Finance, L.P.<br>c/o Crestline Investors, Inc.<br>Attn: James Cochran<br>201 Main St., Ste. 1900<br>Fort Worth, TX 76102-3135 | DF Capital Management<br>Attn: Rob Riva<br>14701 Phillips Hwy., Ste 300<br>Jacksonville, FL 32256-3742 | Federal Emergemcy Management Agency<br>FRC 800 North Loop 288<br>Denton, TX 76209-3698 |
| Force Ten Partners, LLC<br>Attn: Michael VenderLey<br>20342 SW Birch, Ste. 220<br>Newport Beach, CA 92660 | FoxTrot LLC<br>c/o Tullius Law Group<br>515 S. Flower St., 18th Fl.<br>Los Angeles, CA 90071-2201 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Jackson Walker LLP<br>Attn: James Alsup<br>100 Congress Ave., Ste. 1100<br>Austin, TX 78701-4042 | John Landwehr<br>219 Main St.<br>Smithville, TX 78957-1839 | Kelly Thevenot<br>326 McDonald Rd.<br>Cedar Creek, TX 78612-4001 |
| LIA Engineering, Inc.<br>7500 Rialto Rd., Bldg. 2<br>Ste. 100<br>Austin, TX 78735-8531 | Lower Colorado River Authority<br>Attn: Executive Manager, Water Services<br>PO Box 200<br>Austin, TX 78767 | Melting Point Solutions<br>c/o Keller & Benvenutti<br>Attn: Tobias Keller<br>650 California Ave., #1900<br>San Francisco, CA 94108-2736 |
| PV Development Management<br>Attn: Mark Kehke & Jason Perrin<br>4343 Von Karman Ave., 3rd Fl.<br>Newport Beach, CA 92660-2099 | Pine Associates, LLC<br>4455E. Camelback Rd., Ste. C-140<br>Phoenix, AZ 85018-2821 | RMD & Co., Inc.<br>408 Baylor St.<br>Austin, TX 78703-5312 |
| Ranch Wireless Internet<br>3547 N Hwy 123 Bypass<br>Seguin, TX 78155-7328 | Rimon P.C.<br>Attn: Ben Douglas<br>One Embercadero Ctr., Ste. 400<br>San Francisco, CA 94111-3619 | Ron Freeman Esq.<br>Law Offices of Ronald J. Freeman<br>102 N. Railroad Ave.<br>Pflugerville, TX 78660-2767 |

| | | |
|---|---|---|
| Squar Milner<br>Attn: Katherine Gough<br>1150 Santa Monica Blvd., Ste. 600<br>Los Angeles, CA 90025 | Steiner & Sons<br>c/o Waller Lansden Dortch & Davis, LLP<br>Attn: Eric Taube<br>100 Congress Ave., Ste. 1800<br>Austin, TX 78701-4042 | Texas Associaites/AFCO<br>5600 N. River Rd., Ste, 400<br>Des Plaines, IL 60018-5187 |
| Texas Associates/AFCO<br>1120 Capital of Texas Hwy. S<br>Bldg 3<br>Austin, TX 78746-6464 | Texas Commission on Enviromental Quality<br>MC 172<br>PO Box 13087<br>Austin, TX 78711-3087 | Texas Comptroller of Public Accounts<br>Revenue Accounting Div- BK Section<br>P.O. Box 12548, MC-008<br>Austin, TX 78711-2548 |
| Texas Department of Transportation<br>Attn: Project Delivery Team<br>7901 N. IH 35<br>Austin, TX 78753-6602 | Texas Railroad Commission<br>Enforcement Division<br>Office of General Counsel<br>P.O. Box 12967<br>Austin, TX 78711-2967 | Tony Gonzalez<br>1344 Sayers Rd.<br>Bastrop, TX 78602-3638 |
| US Department of the Army<br>Fort Worth District, Corps of Engineers<br>Attn: Chief Regulatory Branch<br>PO Box 17300<br>Fort Worth, TX 76102-0300 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Winthrop Couchot Golubow Hollander<br>Attn: Garrick Hollander<br>1301 Dove St., Ste. 500<br>Newport Beach, CA 92660-2467 |
| XS Ranch Municipal Utility District<br>c/o Ron Freeman<br>102 N. Railroad Ave.<br>Pflugerville, TX 78660-2767 | Eric Terry<br>Eric Terry Law, PLLC<br>3511 Broadway<br>San Antonio, TX 78209-6513 | End of Label Matrix<br>Mailable recipients    43<br>Bypassed recipients    0<br>Total                  43 |