**Exhibit A**

**Declaration of Lance W. Doré**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 20-10032 |
| XS RANCH FUND VI, L.P. | § § | |
| DEBTOR. | § § | CHAPTER 11 |

**DECLARATION OF LANCE W. DORÉ IN SUPPORT OF DEBTOR'S APPLICATION TO EMPLOY AND RETAIN THE DORÉ GROUP AS VALUATION EXPERT TO DEBTOR PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), I, Lance W. Doré, declare as follows:

1. I am the President of The Doré Group ("Doré"), a real estate valuation and advisory services firm. I submit this declaration on behalf of The Doré Group (the "Declaration") in support of the *Debtor's Application to Employ and Retain The Doré Group as Valuation Expert to Debtor Pursuant to Section 327(a) of the Bankruptcy Code* (the "Application")[1] on the terms and conditions set forth in the Application and the engagement letter between Debtor and Doré attached to the Application as Exhibit B (the "Engagement Letter"). Except as otherwise noted,[2] I have personal knowledge of the matters set forth herein.

## Disinterestedness and Eligibility

2. Doré has performed a check of any actual or potential conflict of interest or disclosable interest. Doré confirmed that there are no actual or potential conflicts of interest or disclosable interests.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[2] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at Doré and are based on information provided by them.

3. To the best of my knowledge, no employee of Doré is a relative of, or has been connected with the United States Trustee in this district or its employees.

4. Further, as part of its diverse practice, Doré appears in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtor's chapter 11 case. Also, Doré has performed in the past, and may perform in the future, valuation services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, Doré has in the past, may currently and will likely in the future be working with or against other professionals involved in this case in matters unrelated to the Debtor and this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtor in matters upon which Doré is to be employed, and none are in connection with this case.

5. Doré does not believe it is a "creditor" with respect to fees and expenses of the Debtor within the meaning of section 101(10) of the Bankruptcy Code. Further, no member of the Doré engagement team serving the Debtor, to the best of my knowledge, is a holder of any of the Debtor's outstanding debt instruments or shares of the Debtor's stock.

6. As such, to the best of my knowledge, Doré is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Doré:

      (a)    is not a creditor, equity security holder or insider of the Debtor;

      (b)    is not and was not an investment banker for any outstanding security of the Debtor;

(c) has not been, within three (3) years before the date of the filing of the Debtor's chapter 11 petition, (i) an investment banker for a security of the Debtor's or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor; and

(d) is not, and have not been, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

7. In addition, to the best of my knowledge and based upon the relationship search described above and disclosed herein, Doré neither holds nor represents an interest adverse to the Debtor or the Debtor's estate, within the meaning of section 327(a) of the Bankruptcy Code.

8. It is Doré's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, I will promptly file a supplemental declaration.

## **Professional Compensation**

9. Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable United States Trustee guidelines, and the Local Rules, Doré will seek payment for compensation on an hourly basis and reimbursement of actual and necessary expenses incurred by Doré. Doré's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Engagement Letter.

10. In addition, consistent with Doré's policy with respect to its other clients, Doré will be reimbursed for all other services provided and for other charges and disbursements incurred in rendering services to the Debtor. These the reasonable out-of-pocket expenses may include data sets, reports, research, outside copy services, travel, lodging, meals, services of outside vendors. legal counsel, any applicable sales or excise taxes and other direct expenses.

11. Doré will also request compensation, at its standard hourly rates for any time and expenses (including, without limitation, reasonable legal fees and expense, except in the case of legal fees pertaining to any fee defense) that may be incurred in considering or responding to discovery requests or other request for documents or information, or in participating as a witness or otherwise in any legal, regulatory, or other proceedings, including, without limitation, those other than the instant matter, as a result of Doré's performance of these services.

12. No promises have been received by Doré, nor any employee or independent contractor thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Except for internal agreements among the employees and independent contractors of Doré regarding the sharing of revenue or compensation, neither Doré, nor any of its employees or independent contractors has entered into an agreement or understanding to share compensation with any other entity as described in Bankruptcy Rule 2016.

13. Doré intends to apply to the Court for allowance of compensation and reimbursement of expenses for its restructuring advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court, and the 1996 guidelines established by the Office of the United States Trustee (the "U.S. Trustee").

14. Doré received $10,000 as a retainer in connection with preparing for and conducting the filing of this Chapter 11 case.

15. To the best of my knowledge, (i) no commitments have been made or received by Doré with respect to compensation or payment in connection with this case other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (ii)

Doré has no agreement with any other entity to share with such entity any compensation received by Doré in connection with this Chapter 11 Case.

16. By reason of the foregoing, I believe Doré is eligible for employment and retention by the Debtor pursuant to sections 327(a) (as modified by sections 1107(b)), 330 and 331 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

17. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 6, 2020  Respectfully submitted,

 /s/ *Lance W. Doré*  
Lance W. Doré, President