**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-10032 |
| XS RANCH FUND VI, L.P. | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**ORDER AUTHORIZING DEBTOR TO EMPLOY AND RETAIN EMPLOY AND
RETAIN THE DORÉ GROUP AS VALUATION EXPERT TO DEBTOR PURSUANT
TO SECTION 327(a) OF THE BANKRUPTCY CODE**

This Court has considered the *Debtor's Application to Employ and Retain The Doré Group as Valuation Expert to the Debtor Pursuant to Section 327(a) of the Bankruptcy Code* (the "Application") filed by the above-captioned debtor (the "Debtor"). The Court finds that (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Application is in the best interests of the Debtor, its estate and creditors; (iv) proper and adequate notice of the Application and the hearing thereon has been given and that no other or

4814-9064-2012

further notice is necessary; (v) The Doré Group ("Doré") (a) holds no interest adverse to the Debtor or its estate in the matters upon which it has sought to be engaged; (b) is a disinterested person as that term is defined pursuant to 11 U.S.C. § 101(14) and as required by 11 U.S.C. § 327; and (c) has disclosed any connections with parties and the source of the Retainer paid to Doré as required by Bankruptcy Rule 2014; (vi) none of the representations or engagements set out in the *Declaration of Lance W. Doré in Support of the Debtor's Application to Employ and Retain The Doré Group as Valuation Expert to the Debtor Pursuant to Section 327(a) of the Bankruptcy Code* constitute a conflict-of-interest or impair the disinterestedness of Doré or otherwise preclude the Debtor's retention of Doré in this case; and (vii) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. Pursuant to Bankruptcy Code §§ 327(a), and 1107(b), the Debtor is hereby authorized to retain Doré as its Valuation Expert in this Chapter 11 Case *nunc pro tunc* to the Petition Date, in accordance with (and on the terms described in) the Application, the Engagement Letter, and this Order, and Doré is authorized to perform the services described therein.

4. Doré shall apply any retainer remaining at the time of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly pay to the Debtor's estate any retainer remaining after such application.

4814-9064-2012

5. Compensation will be awarded upon application and a hearing consistent with the requirements of Bankruptcy Code §§ 330 and 331 and any further orders entered by this Court.

6. Doré shall be compensated upon appropriate application in accordance with Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable procedures and orders of this Court.

7. The terms of the Engagement Letter, including without limitation, the compensation provisions, as modified by the Application, are reasonable terms and conditions of employment and are hereby approved.

8. Doré shall not be entitled to indemnification, contribution, or reimbursement unless the indemnification, contribution or reimbursement is approved by the Court.

9. If, before the earlier of (i) the entry of a final, non-appealable order confirming a chapter 11 plan in this case, and (ii) the entry of an order closing this Chapter 11 Case, Doré believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Doré must file an application therefor in this Court, and the Debtor may not pay any such amounts to Doré before the entry of an order by this Court approving the payment. This paragraph 10 is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Doré for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Doré. All parties in interest shall retain the right to object to any demand by Doré for indemnification, contribution, or reimbursement.

10. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

###

**Submitted by:**

ERIC TERRY LAW, PLLC
Eric Terry
3511 Broadway
San Antonio, TX 78209
Email: eric@ericterrylaw.com
Telephone: 210-862-2060
**PROPOSED COUNSEL FOR DEBTOR**